## Dewart's Appeal.

1. A legacy was, "I give to my son William in trust for my grandson Lewis $2000, to be paid to him between the ages of twenty-one and twenty-five at the discretion of my son William, and I hereby charge my farm, &c., with the payment of the same; and in case of the death of my grandson before the age of twenty-five, this legacy to lapse." *Held*, a vested legacy but not chargeable with interest until Lewis arrived at twenty-one, and the trustee exercised his discretion.

2. The land charged was owned by several persons in distinct portions; the legatee applied for a decree for the payment of the legacy. The Orphans' Court decreed payment by each owner of his proportion according to the value of his land. *Held* to be error, the decree should have been for the sale of the land charged, and Supreme Court without reversing, directed the decree to be so amended.

THIS appeal was by Lewis Dewart, Jr., from the same decree, and argued in the Supreme Court at the same time as the preceding appeal.

The errors assigned were, that the court erred in not decreeing:—

1. That the said legacy of $2000 with interest thereon from April 26th 1853, should be paid to the appellant, that is to say, from one year after the testator's death, to the day of making the decree.

2. That the said lands should be sold for the payment of the said legacy and interest.

*W. D. Todd* and *J. W. Comly*, for appellant.—The legacy was an immediate bequest to W. L. Dewart, and therefore payable in one year after the testator's death; if the executor had not been the legatee he might have demanded the legacy at the end of the year: Laporte *v.* Bishop, 11 Harris 152; Cooper *v.* Scott, 12 P. F. Smith 139. The legacy though charged on land was payable out of the personal estate: 2 Williams on Ex'rs. 1541; 2 Redfield on Wills 873, 874; 1 Roper on Legacies 695. As trustee he could not permit the legacy to remain unproductive: Lukens's Appeal, 11 Wright 356; Dietterich *v.* Heft, 5 Barr 87; Fox *v.* Wilcocks, 1 Binn. 194; Hill on Trustees 370; Harland's Account, 5 Rawle 331.

*G. F. Miller*, for appellee.—The legacy was not vested: King

*v.* Crawford, 17 S. & R. 118 ; Moore *v.* Smith, 9 Watts 407 ; Seibert's Appeal, 1 Harris 503. A legacy payable at a future day does not carry interest until due : Lupton *v.* Lupton, 2 Johns. Ch. 628 ; Haughton *v.* Haughton, 2 Atkyns 330 ; Magoffin *v.* Patton, 4 Rawle 119 ; Laporte *v.* Bishop, 11 Harris 154 ; Leech's Appeal, 8 Wright 140 ; Kerr *v.* Bosler, 12 P. F. Smith 183.

The opinion of the court was delivered, February 19th 1872, by

THOMPSON, C. J.—The appeal in this case was mainly taken for the reason, that the learned judge held that the legacy given to the appellant by his grandfather's will, did not bear interest after one year from the death of the latter. The will settles this. It says : "Fourthly, I give and bequeath to my son William in trust for my grandson Lewis Dewart, Jr., the sum of two thousand dollars, to be paid to him between the ages of twenty-one and twenty-five years, at the discretion of my son William, and I hereby charge my farms in Penn township, Union county, with the payment of the same. In case of the death of my grandson before the age of twenty-five, this legacy to lapse."

This was a vested legacy, beyond doubt, but was not payable until between the ages of twenty-one and twenty-five to the legatee, at the discretion of his father, the trustee. It is apparent that in this case, time was annexed to the payment and not to the gift. This circumstance has no influence to prevent the vesting of the legacy. Time of payment is often postponed for considerations of benefit to the estate or the necessities of the legatee, although the legacy is vested notwithstanding. Many cases prove this, some of which are cited by the learned counsel of the appellees. Sometimes terms of postponement of payment are overborne by other considerations, as, for instance, where the testator, not being the parent of the legatee, assumes to be *in loco parentis*, and it is evident that his bounty was designed as an immediate benefit of the legatee. There the legacy may bear interest before payable. But that has no place in this case, for it is admitted that the grandfather did not stand in that position towards this legatee, having bequeathed a large estate to his father, with every reason to believe, that the legatee would be above want in his minority, as he was. We need not elaborate this case. It is settled by Leech's Appeal, 8 Wright 140, Kerr *v.* Bosler, 12 P. F. Smith 183, and many other cases. No interest accrued in the case until after the arrival of age of the legatee, and the exercise of the discretion of the trustee that it should be paid at the arrival at twenty-one by the legatee. The learned judge below was entirely right in so holding. The arguments for the appellant, it must be acknowledged, have the merit of great ingenuity, but we think they are wanting in the important element of soundness.

Certainly the learned judge should have decreed a sale of the

lands charged with this legacy; but we will not reverse for this, leaving the decree to be amended below, if necessary. Indeed, the appellants say they would not have come here if that had been the only error. I feel very sure they would not.

Let the decree of the court below be amended in this particular, if need be, and regarding this as done, the appeal is dismissed and decree affirmed, at the costs of the appellants.